IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

(Southern Division)

| | |
|---|---|
| CYNTHIA SWIFT<br>3463 Barberry Pl. Unit D<br>Waldorf MD 20602<br><br>      Plaintiff,<br><br>v.<br><br>ROACH & MURTHA ATTORNEYS AT LAW, P.C.<br>500 Bi County Blvd. Suite 475<br>Farmingdale, NY 11735<br><br>And<br><br>Timothy J Murtha<br>500 Bi County Blvd. Suite 475<br>Farmingdale, NY 11735<br><br>      Defendants. | Case No.: _____ |

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

COMES NOW Plaintiff, Cynthia Swift ("Swift"), by and through undersigned counsel, Ingmar Goldson, Esq. and The Goldson Law Office and Emanwel Turnbull, of The Holland Law Firm, P.C., and files this Complaint against Defendant Roach & Murtha Attorneys at Law, P.C. ("R&M") and Timothy J Murtha and in support hereof states as follows:

**INTRODUCTION**

Plaintiff Cynthia Swift is a victim of a brutal harassment campaign at the hands of the Defendants, R&M and Murtha, a New York law firm that forged a court document for the purpose of taking money from the Plaintiff that was not owed to them or any of their clients. R&M is not licensed to collect consumer debts in Maryland, and they are not registered with the

1

Maryland Department of Assessments and Taxation to conduct any business in Maryland. Nevertheless, R&M directed unlawful debt collection activities towards Swift which resulted in her life savings being seized by her bank. Normally, a creditor (or creditor's attorneys) needs to file a lawsuit and get a judgment before it can attempt to start garnishing a person's personal property. But in this case, R&M skipped over those necessary steps by adding Swift's name and social security number to court documents in a case where Swift was never even a defendant.

## PARTIES

1. Plaintiff Cynthia Swift is a natural person and resident of Waldorf, Maryland, and is a "consumer" within the meaning of the Maryland Consumer Protection Act and Fair Debt Collection Practices Act.

2. Roach & Murtha Attorneys at Law, P.C. is a New York law firm that collects consumer debts. R&M is a "collector" as defined by the Maryland Consumer Debt Collection Act, and a "debt collector" as defined by the Fair Debt Collection Practices Act.

3. Timothy J Murtha is an attorney who practices in New York. He is a "collector" as defined by the Maryland Consumer Debt Collection Act, and a "debt collector" as defined by the Fair Debt Collection Practices Act.

4. Each count in this Complaint is alleged against both Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter because the operative events in this Complaint took place in Charles County, where the Plaintiff resides.

      6.      Plaintiff's brings claims against Defendants pursuant to the FDCPA. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

      7.      Venue is proper in this District under 28 U.S.C. § 1391(b).

## STATEMENTS OF FACT

      8.      Cynthia Swift co-signed a private Sallie Mae student loan for her daughter, Kasey Woods.

      9.      In 2010, Swift was offered a "Co Maker Release" by Sallie Mae where Swift would be released from her obligations on student loan if she paid $25,500. In 2012, Swift fulfilled her obligation under the Co-Maker Release agreement and was fully discharged from any further obligations under the loan.

      10.      In January of 2013, Arrowood Indemnity Company ("Arrowood"), through its then-attorneys Meyers, Saxon & Cole, filed a lawsuit in Kings County New York against Swift's daughter, Ms. Woods, for $35,625.68 plus interest, apparently as assignee or subrogee of the loan. Swift was not a defendant in the Complaint.

      11.      Just a few months later, on May 23, 2013, the Court entered judgement against Woods in the amount of $51,181.12. This judgement was entered against Woods only; Swift did not get a judgment entered against her because she was not a defendant, owed nothing to Arrowood, and previously paid her obligation under a settlement agreement on the student loan account.

      12.      Years later, in 2018, R&M contacted Swift about the 2013 judgment originating from the Sallie Mae account that Swift settled. Swift notified R&M of the settlement and sent paperwork supporting her explanation to R&M.

13.     On February 7, 2022, Swift was shocked and devastated to learn that her entire savings account(s) at Bank of America were taken from her pursuant to a judgment against her totaling **$182,423.54** with post-judgment interest. The garnishment attached Swift's savings account(s), taking even her social security income from the month of January. Swift was devastated and terrified as soon as she experienced the loss of everything she had worked for.

14.     R&M attached Swift's account by issuing process, in the New York action against Woods.[1] R&M added Swift's name and social security number to the process to make it appear as though the New York action had been brought against Woods *and Swift* jointly.

15.     An R&M attorney, Timothy J Murtha, personally signed the fraudulent process under penalty of perjury.

16.     Swift called R&M as soon as she learned from Bank of America that they were the responsible for the garnishment. R&M's employee hung up on Swift.

17.     Roughly four days later, after hiring a lawyer who advocated on her behalf, Bank of America finally released the garnishment and gave Swift access to her funds.

18.     Swift remains scared that R&M or Murtha will surprise her again with another garnishment, taking money that they have no right to take.

19.     Swift experienced emotional distressed directly relating to R&M and Murtha's fraudulent garnishment with physical manifestations including constant crying and loss of sleep.

---

[1] In New York, a judgment creditor's attorney is empowered to issue process of this type without notice to or review by the court, in the attorney's capacity as an officer of the court. NY CPLR 5222(a).

**COUNT ONE – Violation of the Maryland Consumer Debt Collection Act**

20. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

21. The Maryland Consumer Debt Collection Act, MD. CODE ANN., COM. LAW § 14-201 *et seq.* (the "MCDCA"), prohibits "collecting or attempting to collect an alleged debt" by "[c]laim, attempt, or threat[] to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COM. LAW § 14-202(8).

22. The MCDCA also prohibits collectors from engaging in conduct that violates §§ 804 through 812 of the FDCPA. MD. CODE ANN., COM. LAW § 14-202(11).

23. R&M and Murtha claimed, attempted, and threatened to enforce a right that it knew did not exist by initiating a fraudulent New York garnishment on her Bank of America account(s).

24. R&M and Murtha's actions violated the FDCPA. *See* Count Three and incorporate herein.

25. As a direct and proximate result of the Defendants' actions, Plaintiff suffered actual damages including emotional distress with physical manifestations including constant crying and loss of sleep.

**COUNT TWO – Violation of the Maryland Consumer Protection Act**

26. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

27. R&M and Murtha's debt collection practices, as set forth herein, are governed by the Consumer Protection Act, MD. CODE ANN., COM. LAW § 13-101, *et seq.*

28. Section 13-303 prohibits unfair or deceptive trade practices in the extension of consumer credit or collection of consumer debts. Defendants' attempt to collect a false debt from Swift with a fraudulent garnishment is governed by this section.

29. The Maryland Consumer Protection Act defines unfair or deceptive trade practices to include, inter alia, the following:

(a) False, falsely disparaging, or misleading oral or written statement, visual description or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers; and

(b) Failure to state a material fact if the failure deceives or tends to deceive.

Md. Code Ann., Com. Law § 13-301(1) and (3).

30. R&M and Murtha made materially false, misleading oral or written statements, omissions, or other representations related to a false debt which had the capacity, tendency, or effect of deceiving or misleading the Plaintiff in violation of MD. CODE ANN., COM. LAW § 13-301(1).

31. A violation of the MCDCA is also a violation of the Maryland Consumer Protection Act. MD. CODE ANN., COM. LAW § 13-301(14)(iii).

32. As a direct and proximate result of the actions of R&M and Murtha, Plaintiff suffered actual damages including emotional distress with physical manifestations including constant crying and loss of sleep.

**COUNT THREE – Violation of the Fair Debt Collection Practices Act**

33. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

34. R&M and Murtha are a "debt collectors" as defined by the Federal Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6).

35. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from false representation of the character, amount, or legal status of any debt.

36. 15 U.S.C.A. § 1692e(9) prohibits "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

37. It is unfair and deceptive to garnish money from a consumer that is not owed, especially by way of a fraudulent garnishment against a consumer who was never a defendant in the underlying case. In this matter, the fraudulent garnishment documents, or New York restraining notices, were written communications that simulated and falsely represented to be official and valid garnishments authorized by the state of New York. The simulation was so good that it caused Bank of America to act on the false court documents and seize all of Swift's money.

38. R&M and Murtha were attempting to collect a debt that has no basis in contract or law from Plaintiff.

39. R&M and Murtha misstated the status and amount of an alleged debt allegedly owed to Arrowood by Plaintiff.

40. As a proximate result of the Defendants' R&M and Murtha's conduct, Plaintiff suffered concrete harm including emotional distress with physical manifestations including constant crying and loss of sleep.

7

## COUNT FOUR – Malicious Use of Process

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. A wrongful attachment or garnishment is a civil proceeding and can be actionable in a claim of malicious use of process.

43. A civil proceeding was instituted by the R&M and Murtha, the proceeding was instituted without probable cause, the proceeding was instituted with malice, the proceeding terminated in favor of the Plaintiff, and damages were inflicted on the Plaintiff in the form of seizure of property from Plaintiff's bank account(s).

44. As a proximate result of R&M and Murtha's conduct alleged herein, the Plaintiff suffered concrete harm and seeks compensatory and punitive damages.

## COUNT FIVE – Fraud

45. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46. R&M and Murtha engaged in Fraud, or intentional misrepresentation when it knowingly added Swift's name and social security number on New York garnishment documents in a case where Swift was not a defendant.

47. R&M is a law firm and had to have known that the judgment entered in the New York case not entered against Swift.

48. Swift notified R&M that she owed nothing to Arrowood in 2018, and in February of 2022 when she pleaded to R&M that she should not have been garnished, R&M hung up on her.

49. Defendants misrepresented that a large judgment was owed by Swift to Arrowood; the misrepresentation was made to Bank of America, Swift, and possibly others.

50. Defendants knew that the aforementioned representations were false when it made them.

51. Defendants' misrepresentations were made with the intention of having Swift and Bank of America rely of the misrepresentations.

52. Swift reasonably and justifiably relied on Defendants' misrepresentations and experienced damages as a result.

53. As a proximate result of Defendants' misrepresentations, all of Swift's money was taken from her for several days, and Swift experienced severe emotional distress.

## CONCLUSION

WHEREFORE, Plaintiff prays that this Court:

A) Find in favor of Plaintiff against both Defendants in counts 1–5;
B) Award an amount of actual damages in excess of $75,000 for each claim to be determined by a jury;
C) Award punitive damages at an amount to be determined by a jury for counts 4 and 5;
D) Award the greater of $1,000 or actual damages against R&M and Murtha under the FDCPA; and
E) Award attorney's fees and costs pursuant to the fee-shirting statutes in counts 1-3.

       Respectfully Submitted,

       /s/ Ingmar Goldson_____
       Ingmar B. Goldson, Esq.
       The Goldson Law Office
       One Research Court, Suite 450
       Rockville, MD 20850
       Phone: 240-780-8829
       igoldson@goldsonlawoffice.com

       Emanwel J. Turnbull
       The Holland Law Firm, P.C.
       914 Bay Ridge Rd, Ste 230
       Annapolis, MD 21403
       Tel: (410) 280-6133
       ETurnbull@hollandlawfirm.com

       Attorneys for Plaintiff Cynthia Swift

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable

       \_\_/s/\_Ingmar Goldson_____

       Ingmar B. Goldson, Esq.